**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6198

MAXIE THANIEL,

Petitioner - Appellant,

versus

GENE JOHNSON, Director DOC,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (CA-03-611-3)

Submitted:  July 23, 2004          Decided:  August 17, 2004

Before WIDENER, WILKINSON, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Maxie Thaniel, Appellant Pro Se.   Donald Eldridge Jeffrey, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maxie Thaniel seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Thaniel has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Although we disagree with the district court's conclusion that the state court rejected Thaniel's argument that the delayed imposition of judgment altered the commencement of his limitations period, we agree that the state court denied Thaniel's claims based on an independent and adequate state procedural ground, thus precluding federal review. See Coleman v. Thompson, 501 U.S. 722 (1991).